# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-20404-TLM |
| PRAVEEN KHURANA, ) | |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON DEBTOR'S
MOTION TO DISQUALIFY, DOC. NO. 19; ON CREDITOR'S EX PARTE
MOTION FOR RELIEF FROM STAY, DOC. NO. 22; AND ON DEBTOR'S
MOTION TO EXTEND STAY, DOC. NO. 6**

_____

## INTRODUCTION

Praveen Khurana ("Debtor"), appearing pro se, filed the petition commencing this chapter 13 case on June 1, 2016.[1] On June 7, Debtor filed a "Motion to Disqualify Judge." Doc. No. 19 ("Debtor's Disqualification Motion"). On June 9, Genesis Financial Inc. ("Creditor"), filed an "Ex Parte Motion for Relief from Stay," Doc. No. 22 ("Creditor's Motion"). In addition, on June 1, Debtor filed a motion to "extend" the automatic stay, Doc. No. 6. The Court determines that all such motions may be addressed based on the record in this case, and in Debtor's prior cases before this Court, without further submissions,

---

[1] Unless otherwise indicated, all statutory citations are to the bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and Rule citations are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

hearing or oral argument.[2]

**BACKGROUND**

    A.    **Debtor's bankruptcy cases**

Debtor has filed multiple bankruptcy cases in this District. For the most part, these have been prosecuted by Debtor without the assistance of counsel. The status of the cases is as follows.

Case No. 13-20058-TLM (the "2013 Case") started as a chapter 13 filing but Debtor converted it to chapter 7. The chapter 7 trustee filed a no-asset report, Debtor received a discharge, and the 2013 Case was closed in September 2013. The 2013 Case was reopened by Debtor in June 2015, in order to disclose "omitted assets" (certain damage claims he was pursuing).[3] The trustee later compromised such claims (over Debtor's objection). Debtor also claimed exemptions in the assets and settlement to which the trustee objected. The Court in May 2016 sustained the trustee's objections, denied the exemptions, and denied certain other motions of Debtor. Debtor has initiated an appeal from those decisions. He has also filed a motion to convert the 2013 Case back to chapter 13 which the chapter 7 trustee opposes. That motion is set for hearing on July 6, 2016.

---

    [2] The Court takes judicial notice of its files and records in all such cases. Fed. R. Evid. 201.

    [3] Debtor had an attorney through the discharge and initial closing of the 2013 Case. He reopened the case pro se, and appeared without counsel from that point on.

MEMORANDUM OF DECISION - 2

Case No. 14-20952-TLM (the "2014 Case") was filed as a chapter 13 case in November 2014. The United States Trustee filed a motion to dismiss the 2014 Case, and that motion was granted in January 2015. In March 2015, Debtor moved to reopen the 2014 Case, but that request was denied after a hearing in April 2015 in part because by that time Debtor had filed a separate chapter 13 case.[4]

Case No. 15-20205-TLM (the "2015 Case") was filed by Debtor in March 2015. It was filed, and prosecuted, pro se. Following a stay relief decision in favor of Creditor and a dismissed appeal from that decision, both discussed further below, Debtor filed numerous objections to the claims of his creditors, two amended chapter 13 plans, and several motions. He was unsuccessful in his efforts, and the chapter 13 trustee sought dismissal under § 1307(c). Following a May 2, 2016 hearing at which Debtor appeared and advised the Court that he did not oppose the chapter 13 trustee's motion, the Court dismissed the 2015 Case. It was closed in late May 2016.

The dismissal of the 2015 Case was followed by the present chapter 13 case, filed on June 1.

---

[4] The 2014 Case was filed pro se, but an attorney filed a notice of appearance soon thereafter. Subsequent to dismissal and Debtor's request to reopen, a hearing was held to address Debtor's allegations about counsel's conduct, which were found to lack merit. The motion to reopen was, as noted, denied.

MEMORANDUM OF DECISION - 3

### B. Creditor's stay relief

Prior to the dismissal of the 2015 Case, Creditor sought stay relief under § 362(d) in order to pursue foreclosure of its security interest against Debtor's commercial real property located in Lewiston, Idaho, where Debtor operates a restaurant. Following an evidentiary hearing, the Court entered a Memorandum of Decision on July 21, 2015, granting Creditor's motion. *Id.* at Doc. No. 51 (the "Stay Relief Decision").[5] In it, the Court determined that Creditor was entitled to stay relief under both § 362(d)(2) and § 362(d)(4)(B). An order was entered on the Stay Relief Decision. *See id.* at Doc. No. 55 (July 28, 2015). Debtor filed an appeal, which was subsequently dismissed by the Ninth Circuit Bankruptcy Appellate Panel for lack of prosecution. *See id.* at Doc. No. 75 (copy of an order entered in BAP No. ID-15-1247 on Sep. 28, 2015).

### C. Filings in this 2016 case

Even though Debtor is presently seeking to convert the 2013 Case to chapter 13, he simultaneously filed the petition commencing the instant 2016, chapter 13 case. Despite the other issues that this approach or strategy might raise, Debtor has filed two motions in the present case—the Disqualification Motion and a motion to "extend" the stay—that must be addressed. Creditor has also filed a motion seeking enforcement of its prior stay relief order.

---

[5] The Stay Relief Decision is also reported as *In re Khurana*, 2015 WL 4464508 (Bankr. D. Idaho July 21, 2015).

MEMORANDUM OF DECISION - 4

Debtor's Disqualification Motion cites to and relies on 28 U.S.C. § 455. According to Debtor's affidavit in support, Doc. No. 20, the grounds for disqualification relate to what he perceives as the Court's errors in the Stay Relief Decision and alleged impartiality reflected by that ruling.  Debtor asks that the case be "reassigned."

Debtor also filed a one sentence motion "to extend the Automatic Stay" in this case.  Doc. No. 6.  That motion is bereft of any citation or detail.  Debtor served only Creditor's counsel of record.  Debtor later filed an "affidavit" in support of the motion that makes clear the extension is sought only as to Creditor's foreclosure process.  Doc. No. 18.

Creditor's Motion seeks to enforce the termination of stay previously awarded and the 2-year effectiveness of that order under § 362(d)(4), but is cast as a motion for relief from stay.

**DISCUSSION AND DISPOSITION**

**A.     Debtor's Disqualification Motion**

Logically, the Court must address the disqualification (recusal) request first, as it cannot properly rule on Creditor's Motion, or any of the pending motions in the case, if it is required to recuse.

Recusal of a judge in bankruptcy proceedings is governed by 28 U.S.C. § 455, which provides, in relevant part:

MEMORANDUM OF DECISION - 5

>(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>(b) He shall also disqualify himself in the following circumstances:
>
>>(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1).

The standard for recusal under § 455 is an objective one, and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 933 (9th Cir. BAP 1997) (quoting *Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 222 (9th Cir. BAP 1996)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). This objective standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.*

In addition to this objective standard, judges must also be subjectively confident of their ability to be evenhanded. *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 844 (9th Cir. 1994); *Holland*, 519 F.3d at 915. "This test is highly

MEMORANDUM OF DECISION - 6

personal in nature and requires each judge in such a situation to set aside emotion and thoughtfully examine his ability to impartially 'administer justice without respect to persons.'" *Holland*, 519 F.3d at 915 (quoting 28 U.S.C. § 453).

Finally, on a motion to recuse under § 455, the court is not required to take factual allegations as true. *Goodwin*, 194 B.R. at 222.

This Court has previously examined and applied these principles and standards in addressing motions to disqualify or for recusal. *See Wisdom v. Gugino (In re Wisdom)*, 2014 WL 2175148 (Bankr. D. Idaho May 23, 2014); *In re Jones*, 2002 WL 818275 (Bankr. D. Idaho 2002), *aff'd Hale v. United States Trustee (In re Jones)*, 2006 WL 694639 (D. Idaho 2006).

In Debtor's Disqualification Motion, he contends that disqualification is warranted because of the errors he perceives in the Court's prior Stay Relief Decision. He also alleges, generally, judicial impartiality. Debtor's affidavit suggests that the Court's Stay Relief Decision demonstrates that impartiality or bias.

The Court concludes that no reasonable person, with knowledge of all the facts, would question the Court's impartiality. The Court has carefully heard Debtor in connection with each of his arguments in each of the several cases. His lack of success is based on a facial lack of legal merit to matters he has presented, or a failure to establish the facts and record required to sustain legitimate legal contentions. The Stay Relief Decision itself demonstrates the lengths to which the

MEMORANDUM OF DECISION - 7

Court has gone to hear Debtor fully and fairly, even though it noted that under Ninth Circuit authority the "liberal construction" of pro se litigant's submissions and arguments can only stretch so far.

The Court's rulings on stay relief and other substantive and procedural matters in Debtor's previous cases do not warrant recusal. Dissatisfaction with outcomes in litigation is not a basis for disqualification. *See generally Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The Ninth Circuit BAP in *Goodwin* cited this Supreme Court language, including the fact that judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." 194 B.R. at 224. As also stated in *Goodwin*, "even if [the judge] erred, that does not constitute bias. A judge may be wrong without being prejudiced." *Id.* (citing *Liteky*, 510 U.S. at 555).[6]

The Court has carefully and deliberately evaluated Debtors' contentions of bias or impartiality. It finds them unfounded and unpersuasive. The Court harbors no bias toward Debtor. The Court is confident that a reasonable, objective person would not have concerns or questions regarding the Court's capacity to be fair and even-handed, and to rule on the matters brought by Debtor, or any others, in this litigation based solely on the facts and the law.

---

[6] As noted, Debtor did appeal the Stay Relief Decision and the order entered thereon. But he failed to prosecute that appeal, and the BAP dismissed it.

MEMORANDUM OF DECISION - 8

Debtor, of course, is not to be expected to be a totally "objective person." His view is a subjective one. But he equates rejection of his theories or arguments as somehow evidence of judicial bias, prejudice or improper motive. Not only is the mere fact of adverse ruling insufficient under applicable authorities to constitute grounds for recusal, the Court has reviewed each of its rulings and can state without equivocation that all were and are based on an evaluation of the record and the law, and they have no genesis in any personal feelings about Debtor or any other improper factor.

The Court bears no animus, ill will or bias toward Debtor, and has no motive or agenda other than to correctly apply the law to the facts of the case. That the Court has at times not shared Debtor's view of the law, or of the application of the law to the facts established by the evidence, is not proof of bias. Nor, under the authorities, is it grounds for recusal. In point of fact, the Court has an obligation not to be hypersensitive to the suggestion of bias, and not to recuse without adequate basis.[7]

The Court has given due and serious consideration to its obligation and

---

[7] *See In re Melendez*, 224 B.R. 252, 277 (Bankr. D. Mass. 1988) ("While the judge must be mindful of the objective test under § 455(a), she or he must also consider the policy that '[A] judge . . . should not recuse himself on an unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges.") (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). *See also Holland*, 519 F.3d at 912 (stating the general proposition that "in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned'") (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)).

MEMORANDUM OF DECISION - 9

duty to sit. Where, as here, there is no credible objective basis for concluding bias or partiality exists, and the Court, after evaluation, is convinced the matter has been and can be fully and impartially heard, it would be improper to recuse.

Upon the foregoing, Debtor's Disqualification Motion is determined to be without merit, and it will be denied by separate order.

### B. Creditor's motion for relief from, and Debtor's motion to extend, the automatic stay

The Stay Relief Decision granted Creditor stay relief in part on the basis of § 362(d)(4)(B). That section provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> . . .
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

*See* § 362(d)(4). If this provision's elements are met, then the final unnumbered paragraph of § 362(d)(4) provides the creditor with special relief. If a § 362(d)(4) order is recorded in compliance with state law governing interests in real property, such order is binding in any other case under the Code purporting to affect the

MEMORANDUM OF DECISION - 10

subject property for a period of 2 years from the date of the order. In effect, it provides for *in rem* relief in any bankruptcy case commenced by the debtor (or others) during that period of time.

In the Stay Relief Decision, the Court found the elements of § 362(d)(4)(B) satisfied. The order entered on that decision specifically cited § 362(d)(4)(B) as well as § 362(d)(2). It included a legal description of the affected real property. Creditor's Motion attaches a certified copy of this Order bearing notation of its recording in the real property records of Nez Perce County, Idaho, on October 15, 2015, as Instrument No. 834488. *See* Doc. No. 22-1.[8] It is therefore binding and effective in this 2016 case.

Creditor's Motion and its exhibits also submit that a trustee's sale was scheduled for June 3, 2016, but it was continued to June 24 as a result of Debtor's June 1 petition. Creditor's Motion is thus styled as an "ex parte" motion because, even though Debtor has been served and given notice, Creditor effectively seeks a ruling without response or hearing.

Section 362(f) allows for stay relief without a hearing if it "is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing"

---

[8] The text of the motion states the order was recorded on October 15, 201**6**, *see* Doc. No. 22 at 2, an obvious typographical error.

MEMORANDUM OF DECISION - 11

under § 362(d) or (e).  Creditor submits that holding a hearing on notice and on a date consistent with the Court's calendar would cause a delay of the sale date under applicable Idaho law for a "fifth" time and that this would cause "immediate and irreparable injury."

Setting aside for the moment whether another delay in holding a trustee's sale is "irreparably" injurious, the more fundamental issue is the suggestion that "stay relief" is again required.  The order entered upon the Stay Relief Decision terminated the stay in the 2015 Case.  And the basis for such relief, § 362(d)(4)(B), itself provides that this "order . . . shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of entry of such order by the court[.]"  Creditor has already obtained stay relief, and with the filing of the order in the county records, *in rem* relief was provided by the Code.  Another stay relief order would be redundant.

However, the Court recognizes that practical circumstances, including the need for certainty in the foreclosure process, motivate Creditor's Motion.  While § 362 relief would be redundant, relief under § 105(a) is not.  Under § 105(a):

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Court determines, from the entirety of the record in this case, and Debtor's

MEMORANDUM OF DECISION - 12

prior cases, that invocation of § 105(a) is here appropriate and warranted. The Court will enter an order providing that the prior order terminating the stay remains "binding" and fully effective and enforceable notwithstanding the filing of the instant case.[9]

Finally, the Court has considered, Debtor's motion to "extend" the stay, Doc. No. 6, and finds the motion lacks merit.

That motion is directed solely to Creditor and was served on no other party or creditor. That fact, and the affidavit later filed by Debtor, make clear that Creditor is the only party the motion attempts to "stay." While this could be construed as a limitation on relief being sought under § 362(c)(3), the more apt analysis falls under the unnumbered paragraph at the end of § 362(d)(4). Within that provision, "a debtor in a subsequent case under this title may move for relief from [a § 362(d)(4)] order based upon changed circumstances or for good cause shown, after notice and a hearing."

Debtor's affidavit asserts that substantial payments were made to Creditor in April and May 2016, and that Debtor believes the same to have cured the delinquent obligations on the secured debt. He notes that he disputes Creditor's claims of additional amounts due for attorneys' fees, arguing the fees relate to a pending appeal in the Idaho Supreme Court and as such could not be due and

---

[9] It will also enter an order denying Creditor's Motion as moot.

MEMORANDUM OF DECISION - 13

owing until the appeal is resolved. He also refers to ongoing state court litigation between Debtor and Creditor.

As presented, these disputes have no place in this Court. The Court *terminated* the automatic stay in July 2015 and, given Creditor's recording of the stay relief order, that relief is effective for 2 years. The actual enforcement of Creditor's rights against Debtor's property, after a termination of the automatic stay, is a matter of state law and, if disputed, for state courts. Debtor essentially asks this Court to enter a "stay" so as to enjoin the enforcement of the deed of trust against Debtor's property. That would effectively negate the Stay Relief Decision and order, and no good cause has been alleged to support that result. The assertions regarding Debtor's need for and use of the property to generate income were considered in rendering the Stay Relief Decision. And the other issues raised in the motion and affidavit are issues that a state court can hear and determine in its informed discretion. The termination of the stay moved all issues related to enforcement of the deed of trust to the state forum.

No good cause has been asserted for a modification of the § 362(d)(4)(B) order or for imposition of a stay or injunction or similar relief. The motion, Doc. No. 6, will be denied by a separate order.

**CONCLUSION**

Based on the foregoing, and the Court being informed and cause existing,

MEMORANDUM OF DECISION - 14

Debtor's Disqualification Motion will be denied; the Court will enter an order under § 105(a) regarding the binding effect of its prior stay relief order; and Debtor's motion to extend stay will be denied. Appropriate orders will be entered.

DATED: June 17, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 15